# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. OWLFEATHER-GORBEY, ) | |
|     Petitioner, ) | Civil Action No. 7:16cv00596 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN, ) | By: Norman K. Moon |
|     Respondent. ) | United States District Judge |

Michael S. Owlfeather-Gorbey, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging disciplinary action taken against him, the calculation of sentence credits, his security level classification, facility designation, and the conditions of his confinement. Having reviewed his petition, I conclude that Gorbey's claims are not properly raised in a § 2241 petition and, therefore, dismiss the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.[1]

On December 28, 2016, Gorbey filed his petition, alleging unconstitutional prison disciplinary proceedings and loss of good conduct time. Gorbey later argued that he was entitled to a reduction in custody points, a transfer to another facility, compensation, and the restoration of forty-one days of Good Conduct Time. (Dkt. 12). He also sought a court order directing prison officials to keep his property at USP Lee. *Id.* On June 7, 2017, the Warden informed the court that prison officials conducted a rehearing, expunged the incident report, and restored forty-one days of good time credit to Gorbey. (Dkt. 13). The court then ordered Gorbey to show cause why the case should not be dismissed as moot. (Dkt. 15). Gorbey responded that the case still represented a live controversy because "new prejudices" have violated his rights.

The Warden argues that Gorbey's cognizable claims (disciplinary hearing due process and good conduct time loss) became moot when prison authorities conducted a rehearing and restored Gorbey's good conduct time, and that all remaining claims (sentence credit earning rate, security

---

[1]     Under Rule 1(b), the rules for § 2254 petitions may be applied to § 2241 petitions.

level classification, facility designation, and conditions of confinement) are not cognizable on habeas review. Gorbey objected.

After reviewing the record, I conclude that Gorbey fails to allege that his remaining complaints affect the length of his sentence in any way. A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United States. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a [federal] prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); *Moore v. Driver*, No. 1:07cv166, 2008 U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition).

In his § 2241 petition, Gorbey does not allege any ground on which he is entitled to a shorter term of confinement. Because the core of his petition is clearly not concerning the fact or duration of his incarceration, his claim is not properly before me as a habeas claim under § 2241. Therefore, I will dismiss Gorbey's habeas petition without prejudice for failing to state a claim upon which the requested relief can be granted.

**ENTER**: This 11th day of December, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE